# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00754-CV

---

**Laszlo Herczeg, Appellant**

**v.**

**City of Austin, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-20-003717, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Laszlo Herczeg filed a notice of appeal on November 6, 2023, attempting to appeal from the trial court's scheduling order signed on April 7, 2023. On January 12, 2024, this Court requested a response from appellant by January 22, 2024, explaining how this Court may exercise jurisdiction over this appeal because it appeared that appellant was attempting to appeal from a non-appealable interlocutory order and that his notice of appeal was untimely. This Court informed appellant that his appeal may be dismissed for want of jurisdiction unless he timely responded and demonstrated jurisdiction.

Appellant timely responded, contending that this Court has jurisdiction over the appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(7) because he stated on the record at a March 21, 2022 hearing on appellee's motion to substitute counsel that "this is a special appearance." He further contends that such "special appearance" was "denied by

operation of law [on November 7, 2023] because of the court's action to proceed with [a] pre-trial" conference on that date. However, the clerk's record does not contain a special appearance filed by appellant or a signed order by the trial court ruling on a special appearance, and the clerk's record reflects that appellant filed an original answer to the appellee's lawsuit on August 14, 2020, without making it subject to a special appearance or otherwise objecting to the trial court's personal jurisdiction over him. *Cf.* Tex. R. Civ. P. 120a (allowing party to specially appear for limited purpose of challenging personal jurisdiction and providing that such "special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion"); Tex. Civ. Prac. & Rem. Code § 51.014(7) (authorizing interlocutory appeal from trial court's order granting or denying special appearance of defendant under Texas Rule of Civil Procedure 120a); *see also* Tex. R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant."). Thus, there is no special appearance and no ruling thereon for this Court to review.

Furthermore, to the extent that appellant is attempting to appeal from the scheduling order, such orders are non-appealable, interlocutory orders over which this Court has no jurisdiction to review. *Cf.* Tex. Civ. Prac. & Rem. Code § 51.014 (providing for appealable interlocutory orders); *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019) (noting that appellate courts have jurisdiction over appeals from final judgments and certain interlocutory orders made appealable by statute). Moreover, even if scheduling orders were subject to review by interlocutory appeal, Herczeg's notice of appeal—filed more than six months after the signed scheduling order—is untimely. *See* Tex. R. App. P. 26.1(a), (b); *see also* Tex. R. App. P. 25.1(b) (appeal is perfected when written notice of appeal is filed); *Texas Ent.*

*Ass'n v. Combs*, 431 S.W.3d 790, 796 (Tex. App.—Austin 2014, pet. denied) (timely filing of notice of appeal is necessary to invoke appellate court's jurisdiction).

We therefore lack jurisdiction over this appeal and accordingly dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed: February 2, 2024